UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANEA MARIE FEASTER,

     Plaintiff,

v.                                    Case No: 8:20-cv-1548-JSS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## ORDER

THIS MATTER is before the court on Plaintiff's Motion for Attorney's Fees ("Motion"). (Dkt. 24.) Plaintiff moves the court to award her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons set forth below, the Motion is granted.

## BACKGROUND

On July 8, 2020, Plaintiff filed a Complaint seeking review of the denial of her claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On February 25, 2022, the court entered an order reversing the decision of the Commissioner and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 22.) The Clerk of Court entered judgment in Plaintiff's favor on February 28, 2022. (Dkt. 23.) Plaintiff filed the instant Motion on May 10, 2022, as the prevailing party in this action. (Dkt. 24.) In the

Motion, Plaintiff seeks attorney's fees for work performed by her attorneys and paralegals.

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, the prevailing party may obtain attorney's fees under the EAJA.  28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014).  The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust.  28 U.S.C. § 2412(d).  A party who obtains a fourth sentence remand in a Social Security case is considered a prevailing party under the EAJA.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the

government's position have a reasonable basis in both law and fact.  *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the court finds that Plaintiff is entitled to an award of attorney's fees.  First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand.  *Schaefer*, 509 U.S. at 296–97, 302.  Second, the Commissioner does not dispute the timeliness of Plaintiff's Motion.  (Dkt. 24-19.)  Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act.  Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue.  Finally, the court does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

In the Motion, Plaintiff requests that the hourly rate of the fees awarded reflect the increase in the cost of living.  (Dkt. 24 at 4.)  Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Plaintiff proposes an hourly rate for attorney Suzanne Harris of $203.94 for 0.3 hours of work performed in 2020 and an hourly rate of $214.29 for 26.5 hours of work performed in 2021.  (Dkt. 24 at 4.)  The Commissioner does not oppose Plaintiff's request and the court finds that

Plaintiff is entitled to the requested rates.  In total, Plaintiff seeks $5,739.87 in fees for attorney Harris's work on this case.  (*Id.*)  The court finds that the hours expended were reasonable and that $5,739.87 is a reasonable fee for attorney Harris's work on this case.

Plaintiff also seeks to recover fees for 5.7 hours of work performed by other attorneys representing her in this action, at the rate of $125 per hour.  (Dkt. 24 at 7.) The Commissioner does not oppose Plaintiff's request and the court finds the hours expended were reasonable and that $712.50 is a reasonable fee for the work of attorneys Andrew Flemming, Howard D. Olinksy, and Melissa Palmer on this case.

Additionally, Plaintiff seeks to recover fees for work performed by paralegals. Paralegal fees are recoverable under the EAJA, provided the rate and time expended is reasonable.  *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) ("[W]e take it as 'self-evident' that when Congress instructed agencies to award 'attorney . . . fees' to certain parties prevailing against the Government, that term was intended to embrace paralegal fees as well."); *McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1332 (M.D. Fla. 2008).  Plaintiff seeks to recover fees for 5.5 hours of paralegal time at a rate of $100 per hour.  This is a reasonable rate for similar services performed by a paralegal and the Commissioner does not object to the requested paralegal fees.

Plaintiff further moves the court to recover $5.75 in mailing expenses.  Postage for service of process is reimbursable as an expense under the EAJA.  *See Kay v. Commissioner*, No. 8:21-cv-538-SCB-JSS, ECF No. 27, *2 (M.D. Fla. Oct. 4, 2021)

(citing 28 U.S.C. § 2412(d)(1)(a), 28 U.S.C. § 1920, and *Jean v. Nelson*, 863 F.2d 759, 777–78 (11th Cir. 1988)).

Finally, Plaintiff requests that the fee award be paid directly to her attorney. (Dkt. 24 at 9.)  Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney.  *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010).  In this case, Plaintiff has assigned the EAJA award to her attorney.  (Dkt. 24-15.)  Therefore, the award is payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Attorney's Fees (Dkt. 24) is **GRANTED**.

2. Plaintiff is awarded attorney's fees in the amount of $7,002.37 and expenses in the amount of $5.75 under the EAJA.

3. Fees are payable directly to Plaintiff's counsel if it is determined that Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Tampa, Florida, on May 17, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record